1998 OK CIV APP 54

**Hoda B. ASAL, Plaintiff/Appellee,**

v.

**Maher ASAL, Defendant/Appellant.**

No. 88400.

Court of Civil Appeals of Oklahoma, Division No. 1.

Feb. 20, 1998.

Certification Denied April 15, 1998.

Barry K. Roberts, Norman, for Defendant/Appellant.

Anita F. Sanders, Oklahoma City, for Plaintiff/Appellee.

## OPINION

GARRETT, Judge.

¶ 1 Appellee, Hoda B. Asal, and Appellant, Maher Asal, were married in 1975 in Egypt. They subsequently divorced and re-married in Egypt in 1985. Two children were born of the marriage. They entered the United States on student visas in 1986. After returning to Egypt, the family again re-entered the U.S., on student visas, and both parties attended school. They settled in Norman, Oklahoma. Hoda attained resident alien status and obtained employment, but Maher remained in student status, not permitted to work. On November 13, 1995, Hoda filed an action in the District Court of Cleveland County, Oklahoma for a divorce. While the case was pending, she and the

children moved to Ohio where she is employed. The case was tried August 23, 1996. After taking the matter under advisement, the court entered a Decree of Divorce on November 7, 1996. The court awarded custody of the children to Hoda and ordered Maher to pay child support based on minimum wage earnings under the child support guidelines. Maher appeals. Hoda did not appeal.

¶ 2 For reversal, Maher contends:

1. The trial court erred by failing to give preclusive effect to the decree of divorce entered by a court of competent jurisdiction in a foreign country.

2. The trial court erred in making orders as to child support and division of marital debt which discriminate against Maher because of his status as an alien.

¶ 3 Maher claims he went to Egypt in December, 1995, and brought divorce proceedings under Egyptian law. He alleged Hoda was served with notice, and a divorce decree was entered in Egypt on June 12, 1996. He contends the divorce documents were received in evidence at the trial of the instant case, that Hoda offered no evidence to dispute the Egyptian divorce, and the Cleveland County District Court did not have jurisdiction of a divorce case because the marriage had already been dissolved by an Egyptian court. She denied she received any notice of an Egyptian divorce proceeding. He claims, under principles of comity, the trial court erred by failing to recognize the foreign divorce judgment. In response, Hoda contends there was no evidence of an Egyptian divorce. She contends the documents he refers to as proof were written in Arabic and never translated. Moreover, she says the purported "divorce decree" is not a divorce decree, and that it is actually a petition to Egyptian customs alleging she kidnapped her children.

¶ 4 Hoda claims Maher admitted in his testimony at the trial that she was not served with Egyptian divorce papers because he provided the wrong address for her. Thus, she claims there was no evidence produced showing she received notice. Moreover, she states the purported divorce decree was not marked as a separate exhibit and was never separately offered, translated or identified. Certain unspecified and unidentified documents were mentioned by the trial court and admitted into evidence by the court *sua sponte*, and the paper Maher contends is a divorce decree, which is disputed by Hoda, may have been part of this collection of exhibits.

¶ 5 The trial court held it had jurisdiction of the divorce action. We are persuaded that there was no evidence of a convincing nature that the parties were divorced in Egypt. We hold that the court's finding that it had jurisdiction over the case was proper. However, this Court cannot examine the exhibits because Maher did not designate any exhibits when he filed this appeal. An appellant has the duty to designate the record, and see that it is transmitted to the Supreme Court, so that it may be considered by the appellate court. This includes exhibits. *Koch Fuels, Inc. v. State ex rel. Oklahoma Tax Com'n*, 1993 OK 140, 862 P.2d 471. Since no exhibits were designated, they are not before us. The appellate record does not contain a document showing a divorce was obtained in Egypt, or that Hoda was served with notice of it. Therefore, we are unable to consider Maher's contentions regarding comity. Also, even if Maher's claims were correct and substantiated, the Cleveland County divorce case was filed at least a month before the Egyptian case could have been commenced.

¶ 6 Next, Maher contends the trial court erroneously ordered him to pay child support and one-half of the marital debt of $15,000.00, even though he is not permitted to work under his current immigration status. He contends he will be arrested if he works, and will be held in contempt if he fails to pay child support. Thus, he argues the court has discriminated against him because of his status as an alien.

¶ 7 Hoda responds that the evidence shows he receives money from his mother in Egypt, and he receives rental payments from an apartment he owns in Egypt. He testified the tenant moved out, and he had not received a rental payment for about four months at the time of the trial. When he

received it, it was $950.00 per month. He also testified his mother paid his legal fees of $6,000.00, his travel expenses for two trips to Egypt of $1,100.00 each [total—$2,200.00], and his monthly expenses are about $500.00. More importantly, the testimony indicates Maher could now work in the U.S. under an F–1 status, which he has obtained, but he has not found work. Apparently he has three degrees, one of which is in architecture.

¶ 8 As correctly noted by Hoda, the court is required to compute the gross income of both parties for child support purposes under 43 O.S. Supp.1997 § 118(B)(4), giving consideration to the actual monthly income, the average of the gross monthly income for the time actually employed during the previous three years, *"or the minimum wage paid for a forty-hour week, whichever is the most equitable."* [Emphasis supplied.] The court attributed minimum wage to Maher, and we hold this was not error. In reviewing child support computations, we will not disturb the trial court's order, absent a showing the amount computed is clearly against the weight of the evidence. *State ex rel. Dept. of Human Services on Behalf of Snellings v. Strohmeyer,* 1995 OK CIV APP 157, 925 P.2d 77. The court's order to pay $121.04 per month child support was not an abuse of discretion under the evidence in this case.

¶ 9 The court is authorized to order payment of marital debts equitably, if doing so is consistent with fundamental fairness to both parties. The requirement to make a division of marital property, under 43 O.S. Supp.1992 § 121, based on the net worth of the marital estate, gives the court authority to divide jointly acquired debts. *Sien v. Sien,* 1994 OK CIV APP 159, 889 P.2d 1268. We see no abuse of discretion by the court in ordering Maher to pay $7,500.00 to Hoda as his part of approximately $15,000.00 in marital debts.

¶ 10 A divorce action is one of equitable cognizance. Appellate courts will not disturb the division of property in the absence of an abuse of discretion. *Teel v. Teel,* 1988 OK 151, 766 P.2d 994; *Johnson v. Johnson,* 1983 OK 117, 674 P.2d 539; and *Carpen-*

*ter v.. Carpenter,* 1983 OK 2, 657 P.2d 646. The trial court's orders regarding payment of marital debt and child support were not against the clear weight of the evidence or an abuse of discretion.

¶ 11 Hoda has requested appeal related attorney fees. The request is granted. This case is remanded to the trial court for an evidentiary hearing for a determination of a reasonable appellate attorney fee and the entry of an order awarding the fee. See *State ex rel. Burk v. City of Oklahoma City,* 1979 OK 115, 598 P.2d 659.

¶ 12 **AFFIRMED AND REMANDED.**

JOPLIN, P.J., and CARL B. JONES, V.C.J., concur.